UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROBERTA L. MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) Civil Action No: SA-05-CA-0020-XR |
| | ) |
| SAN ANTONIO POLICE DEPARTMENT, | ) |
| NORMA WOODS, BADGE # 0899, | ) |
| L. CARRION, BADGE # 0170, | ) |
| J. WILLINGHAM, BADGE # 0688, | ) |
| E. RODRIGUEZ, BADGE # 1567, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

After summary judgment for Defendant City of San Antonio and a jury verdict in favor of the individual police officer defendants, this Court dismissed Plaintiff's civil rights complaint. Plaintiff filed a notice of appeal and sought leave to proceed *in forma pauperis* on appeal. The Court denied the motion, concluding that Plaintiff failed to demonstrate a non-frivolous issue for appeal. The Fifth Circuit has remanded for the limited purpose of allowing the Undersigned to enter an order further specifying the reasons for the denial of the IFP motion.

**Analysis**

Plaintiff Martin raises four issues in her notice of appeal.

**A. The Defendant Officers allegedly lied under oath**

Plaintiff complains that the Defendant officers lied under oath. This does not present a non-frivolous issue for appeal because the jury determined the credibility of the witnesses, and chose to credit the officers' testimony over Plaintiff's concerning the events at issue. The Court was not

1

confronted with any evidence of perjury on the part of any Defendant.

**B. The City of San Antonio was dismissed on summary judgment**

Plaintiff further complains that "The city left off from their responsibilities of these Officers." The Court construes this as a complaint regarding the grant of summary judgment in favor of the City of San Antonio. Plaintiff fails to present a non-frivolous issue on appeal related to the grant of summary judgment because Plaintiff proffered no evidence in response to the City's motion for summary judgment. The City moved for summary judgment on the basis that Plaintiff failed to establish the existence of a policy or custom. Docket no. 59. As noted in the Order granting summary judgment for the City, Plaintiff failed to refute this argument in her response to the motion. Instead, Plaintiff admitted that the City had a policy prohibiting the actions she complained of. Plaintiff made a conclusory allegation that the City had a policy of allowing such searches in the field for certain female arrestees, but provided no evidence that the events in question were anything more than an isolated occurrence. In addition, she offered no evidence of notice or deliberate indifference on behalf of City policymakers. Thus, the Court properly granted summary judgment in favor of the City on the § 1983 claim. In addition, the Court properly granted summary judgment on Plaintiff's claims under the Texas Constitution because there is no private cause of action thereunder. In her notice of appeal, Plaintiff fails to raise any non-frivolous argument on the law or the facts that would cast doubt on the propriety of these rulings.

**C. Exclusion of the Officers' internal affairs files/cards**

Third, Plaintiff complains that the individual officers' internal affairs files or file cards[1] were

---

[1]These were shown as exhibits 11, 12, and 13 on Plaintiff's proposed exhibit list (docket no. 92). As noted by Defendants' counsel, Officer Rodriguez's card was not on the proposed exhibit list, and the Court designated it for record purposes as exhibit 17. Failure to list the card as a

not presented to the jury or admitted into evidence. Before trial, the Court considered Defendants' objections to the introduction of the internal affairs files for each of the individual defendant officers.

Plaintiff argued that the cards and the Defendants' history were relevant because they involved or were related to the treatment of prisoners, which is what Plaintiff's complaint centered on. Plaintiff's counsel stated, "[I]t is important that the jury ... be allowed to know the history of the specific police officers just as well as the history of [Plaintiff Martin]." Counsel argued that it would be "fundamentally unfair for Ms. Martin not to be able to introduce this information and have the officers explain some of these circumstances in connection with it, and let the jury make the determination." Counsel asserted specifically that, with regard to Officer Willingham, there was an allegation of racial profiling, which was relevant to Plaintiff's equal protection claims, and that, the allegation of driving the wrong way on an expressway was a violation of the officer's responsibility to serve the public and not exercising sound judgment, and "the jury should be able to draw inferences from that." He noted that there was also an allegation of disobeying a lawful order and that "generally, the order of the law is that you do not conduct body cavity searches on the street, so, therefore, the juror may be able to decide whether or not he disobeyed a lawful order." With regard to a complaint of failure to file a police report, Plaintiff's counsel noted that no Defendant mentioned the search of Plaintiff Martin in their reports and that this failure violated policy. He then argued that "several of them have been accused of doing exactly the same thing ...." Plaintiff further contended that the cards and files were relevant because one of Plaintiff's primary allegations concerned the Internal Affairs process of the City and allegations that IA was not conducting adequate investigations and was protecting officers.

---

proposed exhibit would also have been grounds for excluding it.

Defendants objected to introduction of the files/cards as an improper attempt to use prior bad acts to show conformity of behavior in violation of Rule 404(b) and as unfairly prejudicial under Rule 403.

Rule of Evidence 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident ...." This rule, "which applies in both civil and criminal cases-generally prohibits the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case such as motive, opportunity, or knowledge." *Huddleston v. United States*, 485 U.S. 681, 685 (1988). Rule of Evidence 403 provides that, even if relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

After considering the parties' arguments, the Court ruled the documents inadmissible. The Court first noted that the trial only involved the individual defendant Officers. Accordingly, Plaintiff's allegations against the City regarding Internal Affairs were not relevant, and the documents would not be admissible for the purpose of establishing a claim against IA. Further, the Court ruled that the files/cards were not relevant because they contained incidents too far removed from the facts of this case and were an improper attempt to inject pattern or practice of past behavior and to show conformity therewith. Further, the Court ruled that introduction of the cards/files would be unduly prejudicial in violation of Rule 403. In response, Plaintiff's counsel again reiterated "for

the record" that "these reports show that these police officers don't even follow their own procedures with regard to the allegations being made."

Plaintiff has failed to raise a non-frivolous challenge to the Court's exclusion of the evidence. Plaintiff's counsel's remarks made clear that he did not seek to admit the files/cards for a legitimate purpose. Rather, Plaintiff sought to admit the evidence for the very purpose prohibited by Rule 404(b) – to show the officers' conformity with other alleged bad acts. Plaintiff's counsel never articulated an alternative, legitimate purpose for introducing the evidence. Further, even if Plaintiff had established a legitimate purpose, any probative value of the evidence was substantially outweighed by potential prejudice to the Defendants because the evidence was only minimally relevant (the incidents in question were not sufficiently related to the incident at issue in the litigation or were too remote in time[2]) and would serve to prejudice the jury against the defendant officers. As noted by one Court of Appeals:

> Permitting the jury to consider the complaints and accounts of misconduct contained in the personnel files of Officer Vanderbloemen and the other defendants presented a grave danger of unfair prejudice. Following the reading of account after account of alleged misconduct by the defendants, there was a significant risk that the jury would conclude that the evidence established the bad character of the defendants and that the defendants were likely to have acted in the same way on the night in question. Use of the "other acts" evidence for this purpose is, of course, precisely what Rule 404(b) proscribes.

*Carter v. District of Columbia*, 795 F.2d 116, 131 (D.C. Cir. 1986). Thus, the Court concludes that Plaintiff has failed to present a non-frivolous basis for challenging the Court's decision to exclude the evidence.

---

[2]Some of the events occurred well after the events made the basis of this lawsuit. In addition, many of the allegations/incidents listed in the files were completely unrelated to the events at issue in this lawsuit, such as driving the wrong way on an expressway and an officer-involved shooting. None involved an allegation similar to the one presented by Plaintiff Martin.

**D. *Batson* challenge**

Last, Plaintiff raises a *Batson* challenge. The United States Supreme Court held in *Batson* that "[a]lthough the prosecutor ordinarily is entitled to exercise permitted peremptory challenges for any reason at all, as long as that reason is related to his view concerning the outcome of the case to be tried, the Equal Protection Clause forbids the prosecutor to challenge potential jurors solely on account of their race." *Batson v. Kenturcky*, 476 U.S. 79, 89 (1986). This non-discrimination rule applies in civil cases as well as criminal cases. *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 618-30 (1991). Thus, "a private litigant in a civil case may not use peremptory challenges to exclude jurors on account of race." *Davis v. Baltimore Gas & Elec. Co.*, 160 F.3d 1023, 1026 (4th Cir.1998).

*Batson* prescribes a three-step analysis for proving racial discrimination in jury selection. First, the party attacking the use of a peremptory challenge must make a prima facie showing that the opposing party employed the peremptory challenge on the basis of race. *Batson*, 476 U.S. at 96-97. Once a prima facie case is established, the burden shifts to the opposing party to provide a racially neutral explanation for the use of the peremptory challenge. *Id*. at 97-98.[3] Finally, once a neutral justification is offered, the trial court must "determine if the [party attacking the peremptory challenge] has established purposeful discrimination." *Id.* at 98. The party attacking a peremptory

---

[3] Counsel may not simply deny that he had a discriminatory motive; he must provide a specific explanation that is clear and reasonable. *Purkett v. Elem*, 514 U.S. 765, 768 (1995). Although counsel's explanation must be clear and reasonable, the explanation is not required to be persuasive or even plausible. *Id*. at 767-68; *see also United States v. Huey*, 76 F.3d 638, 640-41 n.12 (5th Cir.1996). The question is the "facial validity" of the explanation. *Elem*, 514 U.S. at 768. Therefore, "[u]nless a discriminatory intent is inherent in [counsel's] explanation, the reason offered ... will be deemed race neutral." *Id*. at 768.

challenge always bears the burden to prove purposeful discrimination. *Id.* at 93.

In this case, Defendants exercised a peremptory challenge to strike the only black member of the panel, Juror 14. Plaintiff timely raised a *Batson* challenge, and the Court asked defense counsel to articulate a nondiscriminatory reason for the strike. Defense counsel articulated two reasons, including: (1) "she seemed to be sympathizing with [plaintiff's counsel] as we were watching her body language"; and (2) "she knew some people that had been convicted of criminal activities, and ... seemed very reluctant to disclose that when [Plaintiff's counsel] asked her about that, she hesitated for a long time before she answered that question." Defense counsel elaborated that the first basis for the strike was the same reason they struck a Hispanic panel member in that "she was shaking her head yes with [Plaintiff's counsel] on some questions." He explained,

> I can tell the Court her race has nothing to do with it. Just like [the Hispanic panel member]'s race has nothing to do with it, for example, [the Hispanic juror] is – she gave virtually no information about her background, but she shook her head yes when [Plaintiff's counsel] asked her about whether she could identify with this horrid circumstance, and so I struck her. [The struck black panel member] did the same thing, Your Honor. She was shaking her head yes in response to – when she wasn't being asked questions by [Plaintiff's counsel], but when he was asking questions, and we felt like that she may be already siding with the plaintiffs in this case, and besides that, the criminal case, the issue with the people that had been arrested and her hesitancy to answer that question worried us because we felt like she may be covering something up there or less than forthcoming.

The Court then noted the applicable standard that defense counsel had to articulate a race-neutral reason for exercising the peremptory strike, and the Court found that defense counsel had articulated such a race-neutral reason. Citing *Garcia v. Excel Corporation*, 102 F.3d 758 (5th Cir. 1997), the Court then stated that once defense counsel articulates such a reason, it is incumbent upon the Court to decide whether the opponent of the strike has proven purposeful discrimination, and the Court found that Plaintiff had failed to meet that burden,. The Court also stated, "I stand by the

statement that the facially valid reason that she knows persons that she expressed and the Court recalls this juror, ... expressing hesitation before she answered the question, and expressing reluctance, all of those were valid reasons for the defendants to make their strike."

*Garcia v. Excel Corporation* sets forth the three-part test for *Batson* challenges: (1) the opponent of the peremptory challenge must make out a prima facie case of racial discrimination; (2) the proponent of the strike must rebut the prima facie case with a race-neutral explanation for the strike; and (3) the trial court must then decide whether the opponent of the strike has proven purposeful discrimination. *Id.* at 760 n.6. The Court applied this three-part test in evaluating Plaintiff's *Batson* challenge. The Court found that defense counsel's explanation was race-neutral, and that Plaintiff did not prove purposeful discrimination. Though not expressly stating for the record that defense counsel's explanation was credible, the Court agreed that Juror 14 had expressed hesitation and reluctance in answering questions. This was a sufficient basis for the Court to find that Plaintiff had failed to prove purposeful discrimination.

While counsel may not challenge a prospective juror on account of race, counsel may remove a prospective juror "for any reason at all, as long as that reason is related to [counsel's] view concerning the outcome of the case to be tried." *Batson*, 476 U.S. at 89. The Court's determination whether the strikes are racially motivated is factual, and largely turns on an evaluation of counsel's credibility. On appeal, the Fifth Circuit reviews the Court's ruling to determine whether it was clearly erroneous. *United States v. Kelley*, 140 F.3d 596, 606 (5th Cir.1998) ("The district court's determination that a party has used peremptory strikes in a discriminatory manner is a finding of fact and thus cannot be overturned by this Court absent clear error."). The Court was well positioned to assess both Juror 14's demeanor and defense counsel's credibility with respect to his explanation for

removing Juror 14. The Court concludes that Plaintiff has failed to raise a non-frivolous challenge on appeal to the Court's *Batson* ruling.

## Conclusion

Based on the foregoing reasons, the Court concludes that Plaintiff has failed to raise any non-frivolous issues on appeal. Accordingly, the Court certifies that Plaintiff's appeal is not taken in good faith. *See* FED. R. APP. P. 24(a)(3).

All matters remanded to this Court having been considered, this case is RETURNED to the Court of Appeals.

It is so ORDERED.

SIGNED this 16th day of April, 2008.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE